```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

HAFCO FOUNDRY AND MACHINE
COMPANY, INCORPORATED,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:15-16143

GMS MINE REPAIR AND
MAINTENANCE, INC.,

    Defendant.


## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to transfer filed by plaintiff Hafco Foundry and Machine Company, Incorporated ("Hafco"). (Doc. No. 12). Defendant GMS Mine Repair and Maintenance, Inc. ("GMS") did not file a response to the motion to transfer but plaintiff indicates that defendant opposes a change of venue. Plaintiff has also filed a supplement to its motion to transfer. (Doc. No. 21). For reasons expressed more fully below, Hafco's motion to transfer is **DENIED**.

## BACKGROUND

Hafco filed the instant action for patent infringement on December 15, 2015. According to the Complaint, Hafco owns the patent for a Rock Dust Blower, U.S. Design Patent No. D681,684S. See Complaint ¶ 9. Within the scope of the Rock Dust Blower Patent, "Hafco makes, offers for sale and sells a rock dust

blower . . . within the Southern District of West Virginia and throughout the United States." Id. at ¶ 12. In 2014, Hafco entered into an agreement with Pioneer Conveyor, alleged to be a GMS affiliate, by which Pioneer Conveyor was to distribute Hafco rock dust blowers to mining customers. See id. at ¶ 13. The distribution agreement between Hafco and Pioneer Conveyor was terminated in early May 2015. See id. According to Hafco, following termination of the aforementioned distribution agreement, GMS began selling infringing rock dust blowers within the Southern District of West Virginia. See id. at ¶ 14. The Complaint specifically references GMS's marketing literature distributed at the Bluefield Coal Show on September 16, 2015. See id.

After defendant filed its Answer, plaintiff moved, pursuant to 28 U.S.C. § 1404, to transfer the case to the United States District Court for the Northern District of West Virginia. According to plaintiff, had it known at the time it filed its complaint that defendant had an office within the Northern District of West Virginia, it would have filed its complaint in that court.

### MOTION TO TRANSFER

Title 28 U.S.C. § 1404(a), the operative provision in this case, provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may

>transfer any civil action to any other district or division where it might have been brought.

A decision to transfer venue is committed to the sound discretion of the trial court. Southern Railway Co. v. Madden, 235 F.2d 198, 201 (4th Cir.), cert. denied, 352 U.S. 953 (1956). Furthermore, the burden is on the movant to show that a discretionary transfer of venue is warranted. See Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp.2d 564, 566 (E.D. Va. 2005). "The general rule is well settled that an order granting or refusing change of venue is not appealable unless expressly made so by statute. There is no federal statute expressly granting an appeal from such orders and the federal decisions follow the general rule that they are not appealable." Jiffy Lubricator Co. v. Stewart-Warner Corp., 177 F.2d 360, 362 (4th Cir. 1949), cert. denied, 338 U.S. 947 (1950), (internal citations omitted); see also Preston Corp. v. Raese, 335 F.2d 827, 828 (4th Cir. 1964).

The factors a court should consider in ruling on a motion to transfer include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. Alpha Welding and Fabricating v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D.W. Va. 1993); see also

3

Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003).

Having given consideration to the relevant factors,[*] the court cannot conclude that a transfer of venue is appropriate. Significantly, defendant does not join in the motion and prefers for the case to remain in the Southern District of West Virginia. Therefore, plaintiff's arguments regarding the perceived inconvenience to GMS and its counsel if the matter remains in this court are not persuasive.

With respect to plaintiff's arguments regarding the convenience to Hafco, the court does not believe that Hafco will be unduly inconvenienced by trying this matter in the Southern District of West Virginia rather than the Northern District. As plaintiff mentions, Hafco itself is located in New Jersey. Therefore, Hafco representatives would be required to travel even if this case were pending in the Northern District of West Virginia. Notwithstanding counsel for plaintiff's efforts to suggest otherwise, the distance between the points of holding court in the Northern District of West Virginia and the Southern District of West Virginia is not substantial enough to support a change of venue. See, e.g., CIVIX-DDI, LLC v. Loopnet, Inc., No. 2:12CV2, 2012 WL 3776688, * (E.D. Va. Aug. 30, 2012) ("All of

---

[*]Plaintiff does not discuss factors 4, 6, or 7 in its motion. Accordingly, the court concludes that they do not weigh in favor of a transfer of venue.

Loopnet's employees and potential witnesses are located in California and thus the degree of inconvenience from a somewhat longer flight from California to Virginia as opposed to California to Illinois appears to be slight.").

In support of its motion, plaintiff also contends that "one example of the allegedly infringing product in existence is located in Cumberland, Maryland. Thus, access to the primary source of proof, as well as the possibility of a view, is much more convenient in the Northern District as opposed to the Southern District." Plaintiff's Motion at p. 2. Plaintiff does not contend that there are no examples of the allegedly infringing product in the Southern District nor that one cannot be made available in this district. Indeed, Exhibit B to the Complaint, which plaintiff contends is an example of an infringing product, does not appear to be so large or cumbersome that a offsite view would be required.

Plaintiff also argues that it will be more convenient for its counsel if the matter is tried in the Northern District rather than the Southern District of West Virginia because Hafco's attorneys are located in Morgantown, West Virginia and New York City. However, this factor is entitled to little or no weight in determining whether transfer is appropriate. See, e.g., Acterna, LLC v. Adtech, Inc., 129 F. Supp.2d 936, 939 (E.D. Va. 2001) ("[L]ocation of counsel for the litigant is not

5

entitled to deference in a determination whether the Court should transfer venue."); Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc., 83 F. Supp.2d 689, 698 (E.D. Va. 2000) ("The convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue.").

## CONCLUSION

For the aforementioned reasons, plaintiff's motion to transfer is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 18th day of May, 2016.

ENTER:

David A. Faber
Senior United States District Judge