IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HAFCO FOUNDRY AND MACHINE
COMPANY, INCORPORATED,

  Plaintiff,

v.           CIVIL ACTION NO. 1:15-16143

GMS MINE REPAIR AND
MAINTENANCE, INC.,

  Defendant.

## **MEMORANDUM OPINION AND ORDER**

  Pending before the court is plaintiff's additional motion in limine asking the court "for an Order prohibiting Defendant from discussing, offering or eliciting any testimony regarding `functional elements' with respect to the `684 Patent." (ECF No. 69 at p.1). At the final status conference prior to jury selection, held on May 15, 2017, the court indicated that plaintiff's motion would be **GRANTED** but that defendant could ask the court to revisit its ruling should circumstances arise that made doing so proper.

  Claim construction is entirely a matter for the court and not the jury. See Teva Pharm. USA, Inc. v. Sandoz, Inc., 133 S. Ct. 831, 835 (2015); Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996); Warsaw Orthopedic, Inc. v. Nuvasive, Inc., 824 F.3d 1344, 1350 (Fed. Cir. 2016) ("Moreover, claim construction is, of course, ultimately a question of law that must be left to the court, not the jury."). Indeed, "it is

improper for juries to hear conflicting expert testimony on the correctness of a claim construction, given the risk of confusion." Warsaw Orthopedic, Inc. v. Nuvasive, Inc., 824 F.3d 1344, 1350 (Fed. Cir. 2016); see also Sundance, Inc. v. Demonte Fabricating LTD, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008) ("[O]ur court has held that allowing a witness to testify before the jury on claim construction would be improper.") (emphasis in original); CytoLogix Corp. v. Ventana Med. Sys., Inc., 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("The risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control."); Abbott Point of Care, Inc. v. Epocal, Inc., Civil Action No. CV-08-S-543-NE, 2012 WL 12897958, *13 (N.D. Ala. Jan. 18, 2012) (noting that a party "should not be permitted to reargue claim construction issues by presenting any evidence, including expert-witness opinion-testimony, that contradicts th[e] court's construction of disputed claims").

This ruling does not affect defendant's right to assert a defense of patent invalidity under 35 U.S.C. § 282.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 16th day of May, 2017.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge