```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

HAFCO FOUNDRY AND MACHINE
COMPANY, INCORPORATED,

      Plaintiff,

v.                                CIVIL ACTION NO. 1:15-16143

GMS MINE REPAIR AND
MAINTENANCE, INC.,

      Defendant.

## MEMORANDUM OPINION

By Order entered on April 26, 2017, the court denied defendant's motion to construe the patent as invalid or, in the alternative, motion to adopt defendant's claim construction. (ECF No. 59).  The reasons for that decision follow.

### I.  Background

Hafco filed the instant action for patent infringement on December 15, 2015.  Hafco owns the patent for a Rock Dust Blower, U.S. Design Patent No. D681,684S. See Complaint ¶ 9.  Within the scope of the Rock Dust Blower Patent, "Hafco makes, offers for sale and sells a rock dust blower . . . within the Southern District of West Virginia and throughout the United States."  Id. at ¶ 12.  In 2014, Hafco entered into an agreement with Pioneer Conveyor, alleged to be a GMS affiliate, by which Pioneer Conveyor was to distribute Hafco rock dust blowers to mining customers.  See id. at ¶ 13.  The distribution agreement between Hafco and Pioneer Conveyor was terminated in early May 2015.  See

id. According to Hafco, following termination of the aforementioned distribution agreement, GMS began selling infringing rock dust blowers within the Southern District of West Virginia. See id. at ¶ 14.

## II. **Patent Validity**

Under 35 U.S.C. § 171, "[w]hoever invents any new, original, and ornamental design for an article of manufacture may obtain a patent therefor. . . ." The United States Patent and Trademark Office ("USPTO") is charged with the task of examining patent applications and issuing a patent if it appears that the applicant has met the requirements for issuance of a patent. Microsoft Corp. v. i4i Ltd., 564 U.S. 91, 95-96 (2011). Once issued, a design patent is entitled to a presumption of validity. See 35 U.S.C. § 282 ("A patent shall be presumed valid."). Therefore, "overcoming this presumption requires clear and convincing evidence." Alcon Research Ltd. v. Barr Labs., Inc., 745 F.3d 1180, 1188 (Fed. Cir. 2014); see also Microsoft Corp., 564 U.S. at 95 ("We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence. We hold that it does."); Ariad Pharm., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1354 (Fed. Cir. 2010) (en banc) ("A patent is presumed to be valid, and this presumption can only be overcome by clear and convincing evidence to the contrary.") (internal citations and quotations omitted).

The burden of establishing the invalidity of the patent rests on the party asserting invalidity. See 35 U.S.C. § 282(a); Microsoft Corp., 564 U.S. at 100 ("Thus, by its express terms, § 282 establishes a presumption of patent validity, and it provides that a challenger must overcome that presumption to prevail on an invalidity defense.").

"Design patents on [ ] primarily functional rather than ornamental designs are invalid." Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1328 (Fed. Cir. 2015). GMS argues that the design patent at issue in this case is invalid because of functionality, i.e., that the design is dictated by function. The Federal Circuit "appl[ies] a stringent standard for invalidating a design patent on grounds of functionality: the design of a useful article is deemed functional where the appearance of the claimed design is dictated by the use or purpose of the article." Rosco, Inc. v. Mirror Lite Co., 304 F.3d 1373, 1378 (Fed. Cir. 2002) (internal citations and quotations omitted). In making this determination, the United States Court of Appeals for the Federal Circuit has offered some guidelines:

> Articles of manufacture necessarily serve a utilitarian purpose, but design patents are directed to the ornamental designs of such articles. 35 U.S.C. § 171. If a particular design is essential to the use of an article, it cannot be the subject of a design patent. . . . We have found designs to be essential to the use

> of an article when the claimed design is dictated by the use or purpose of the article. . . .
>
> In determining whether a claimed design is primarily functional, "[t]he function of the article itself must not be confused with `functionality' of the design of the article." Hupp v. Siroflex of Am., Inc., 122 F.3d 1456, 1462 (Fed. Cir. 1997). . . . We explained that a claimed design was not invalid as functional simply because the primary features of the design could perform functions. As with its analysis on other validity grounds, the district court used too high a level of abstraction in assessing the scope of the claimed design.
>
> * * *
>
> We have also instructed that the overall appearance of the article--the claimed design viewed in its entirety--is the basis of the relevant inquiry, not the functionality of elements of the claimed design viewed in isolation. . . . [W]e explained that the utility of each of the various elements that comprise the design is not the relevant inquiry with respect to a design patent because whether a design is primarily functional or primarily ornamental requires a viewing of the claimed design in its entirety. . . .
>
> We have not mandated applying any particular test for determining whether a claimed design is dictated by its function and therefore impermissibly function. We have often focused, however, on the availability of alternative designs as an important--if not dispositive-- factor in evaluating the legal functionality of a claimed design.

Ethicon Endo-Surgery, 796 F.3d at 1328-30 (internal citations and quotations omitted).

As the foregoing makes clear, a design may embody functional features and still be patentable. "If that were not

4

true, it would be impossible to obtain a design patent on a utilitarian article of manufacture or to obtain design and utility patents on the same article." PHG Technologies, LLC v. St. John Companies, Inc., 529 F. Supp. 2d 852, 859 (M.D. Tenn. 2007).

> "[T]he determination of whether the patented design is dictated by the function of the article of manufacture must ultimately rest on an analysis of its overall appearance." Berry Sterling Corp. v. Pescor Plastics, Inc., 122 F.3d 1452, 1455 (Fed. Cir. 1997). Our cases reveal a "list of . . . considerations for assessing whether the patented design as a whole-its overall appearance-was dictated by functional considerations," including:
> 
>> whether the protected design represents the best design; *whether alternative designs would adversely affect the utility of the specified article*; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.
> 
> Id. at 1456 (emphasis added). In particular, we have noted that "[t]he presence of alternative designs may or may not assist in determining whether the challenged design can overcome a functionality challenge. Consideration of alternative designs, if present, is a useful tool that may allow a court to conclude that a challenged design is not invalid for functionality." Id. "When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." Rosco, 304 F.3d at 1378.

PHG Technologies, LLC v. St. John Companies, Inc., 469 F.3d 1361, 1366 (Fed. Cir. 2006).

The only *evidence* offered by GMS regarding the functionality of the '684 patent was the concomitant utility patent.  See ECF No. 47.  GMS did not offer any testimony, expert or otherwise, to support its allegations that the design of Hafco's rock dust blower was dictated by function.  There was no evidence regarding whether Hafco's design represented the best design.  There was no evidence whether an alternative design would adversely affect the utility of the rock dust blower. Indeed, the utility patent itself states that the "above detailed description of preferred embodiments of the invention is provided by way of example only.  Various details of design, construction and procedure may be modified without departing from the true spirit and scope of the invention. . . ."  ECF No. 47.  No evidence regarding Hafco's advertising for its rock dust blower was offered.  Furthermore, the deposition testimony of Courtland Joshua Helbig established that there were numerous alternative designs for rock dust blowers in general and at least one other competing can duster.  See ECF No. 55-2 at 20-21, 45-46.  Helbig also testified at deposition that the can duster could have been manufactured with a different sized drum.  See ECF No. 55-3 at 15.

Based on the foregoing, GMS did not meet its burden to show by clear and convincing evidence that the '684 patent is dictated by functional considerations. Therefore, the patent was not shown to be invalid on functionality grounds.[*]

### III. Claim Construction

In Egyptian Goddess, Inc. v. Swiss, Inc., the Federal Circuit en banc observed:

> As the Supreme Court has recognized, a design is better represented by an illustration "than it could be by any description and a description would probably not be intelligible without the illustration." Dobson v. Dornan, 118 U.S. 10, 14 (1886). The Patent and Trademark Office has made the same observation. Manual of Patent Examining Procedure § 1503.01 (8th ed. 2006) ("[A]s a rule the illustration in the drawing views is its own best description."). Given the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to "construe" a

---

[*] Furthermore, defendant did not assert the defense of patent invalidity in its answer nor did it seek leave of the court to assert the defense at such a late juncture. Patent invalidity is an affirmative defense. See Commil USA, LLC v. Cisco Sys., Inc., 135 S. Ct. 1920, 1929 (2015). Under Federal Rule of Civil Procedure 8(c), a party must plead an affirmative defense in their answer. In a patent case, regional circuit law governs the question of waiver of a defense. Ultra-Precision Mfg., Ltd. v. Ford Motor Co., 411 F.3d 1369, 1376 (Fed. Cir. 2005). In the Fourth Circuit, a waiver will be enforced if a party fails to plead an affirmative defense if the opposing party shows "prejudice or unfair surprise." RCSH Operations, LLC v. Third Crystal Park Assocs. LP, 115 F. App'x 621, 630 (4th Cir. 2004) (quoting Brinkley v. Harbor Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999)). Hafco contends that it has been unfairly surprised by GMS's late assertion of the defense because it was unable to conduct discovery on the issue.

7

> design patent claim by providing a detailed
> verbal description of the claimed design.
>
> With that said, it is important to
> emphasize that a district court's decision
> regarding the level of detail to be used in
> describing the claimed design is a matter within
> the court's discretion, and absent a showing of
> prejudice, the court's decision to issue a
> relatively detailed claim construction will not
> be reversible error.  At the same time, it should
> be clear that the court is not obligated to issue
> a detailed verbal description of the design if it
> does not regard verbal elaboration as necessary
> or helpful.  In addition, in deciding whether to
> attempt a verbal description of the claimed
> design, the court should recognize the risks
> entailed in such a description, such as the risk
> of placing undue emphasis on particular features
> of the design and the risk that a finder of fact
> will focus on each individual described feature
> in the verbal description rather than on the
> design as a whole.
>
> * * *
>
> We therefore leave the question of verbal
> characterization of the claimed designs to the
> discretion of trial judges, with the proviso that
> as a general matter, these courts should not
> treat the process of claim construction as
> requiring a detailed verbal description of the
> claimed design as would typically be true in the
> case of utility patents.

543 F.3d 665, 679-80 (Fed. Cir. 2008).  After Egyptian Goddess, court have generally avoided detailed verbal claim constructions in design patent cases except in limited circumstances.  See Reddy v. Lowe's Companies, Inc., 60 F. Supp. 3d 249, 253-54 (D. Mass. 2014).

Against this legal backdrop and with no indication from the parties that claim construction would be a contested issue in

8

this case until just before the final pretrial conference, the court proposed the claim in this case be construed as follows: "The ornamental design for a rock dust blower, as shown and described in Figures 1-5."  See ECF No. 46.  Even though GMS raised the issue claim construction late in the game, the court nevertheless continued the trial and scheduled a Markman hearing.  However, as discussed above, GMS relied solely on the concomitant utility patent in support of its argument that detailed claim construction was necessary.  GMS did not call any witnesses nor did it offer any other evidence, documentary or otherwise, to support its argument that certain features of Hafco's claimed design were purely functional.  Given the dearth of evidence to assess the functionality of the various features, the court adopted its prior construction.  In so doing, the court notes that this construction is "a simpler interpretation of the patent that accords more closely with the types of constructions adopted by post-Egyptian Goddess courts."  Reddy, 60 F. Supp. 3d at 255.

## IV.  Conclusion

For the foregoing reasons, the court denied defendant's motion to construe the patent as invalid or, in the alternative, motion to adopt defendant's claim construction.  The Clerk is directed to send copies of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 13th day of June, 2018.

>  ENTER:
>
>  *David A. Faber*
>  David A. Faber
>  Senior United States District Judge